**Minnie E. Parks, Appellee, v. I. M. Western, Administrator, Appellant.**

**Gen. No. 6,046.   (Not to be reported in full.)**

Appeal from the Circuit Court of Kane county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 9, 1915.

### Statement of the Case.

Minnie E. Parks filed a claim against the estate of her deceased brother, Merrcles E. Covey, in the Probate Court, on a judgment note payable to her order, and purporting to have been signed by the deceased and his mother. The administrator filed an affidavit denying the execution of the instrument. The claim

was allowed in full in the Probate Court and in the Circuit Court on appeal, and the administrator appeals therefrom.

The evidence was conflicting as to whether the deceased executed the instrument, whether he acknowledged its existence during his lifetime, and also whether the claimant ever had the amount of the note to lend her brother, as she claimed to have done.

ELLIS & WESTERN, for appellant; EDGAR L. MASTERS, of counsel.

HAZLEHURST & CARBURY and RAYMOND & NEWHALL, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 790*—*when affidavit denying execution of instrument part of record.* Since an affidavit denying the execution of a note is in effect a pleading, it need not be preserved by bill of exceptions.

2. BILLS AND NOTES, § 480*—*when judgment on note based on conflicting evidence sustained.* A judgment in favor of the plaintiff in an action on a note will not be disturbed on appeal when resting on conflicting evidence as to the execution by the maker, his acknowledgment of its existence during his lifetime, and also whether the payee ever had the amount of money to lend the maker which was represented by the note.

3. APPEAL AND ERROR, § 806*—*when bill of exceptions must contain rejected exhibits.* Whether the rejection of the plaintiff's tax schedule in an action on a note was erroneous, when introduced to show that he did not have the amount of the note to lend the maker, will not be considered on appeal where the schedule is not in the bill of exceptions.

4. TRIAL, § 232*—*when unexplained presence of document in jury room not prejudicial.* The presence of blank tax schedules among the documents returned by a jury from the jury room,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*held* not to constitute reversible error, where they evidently fell from a sealed book properly taken to the jury room.

5. BILLS AND NOTES, § 462*—*when instruction as to liability of maker not erroneous.* An instruction in an action on a note, to the effect that if the jury believed from the evidence that it was executed by the maker, delivered to the payee and had not been paid, that they should find for the plaintiff in such amount, if any, as from the evidence they found to be due, *held* not erroneous.

6. TRIAL, § 34*—*when presence on bench of judge formerly of counsel not prejudicial.* The fact that a judge of a Circuit Court, who was formerly of counsel for the plaintiff, came into the court room during the trial, went upon the bench and spoke to the presiding judge, *held* not prejudicial to the defendant where neither the length of such conversation nor the subject thereof appeared.